UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

MARCUS TELESFORD,

                        Plaintiff,

-vs-

SUPERINTENDENT STEPHEN
WENDERLICH, et al.,

                       Defendants.

DECISION AND ORDER

16-CV-6130-CJS-MJP

---

**Pedersen, M.J.** *Pro se* Plaintiff Marcus Telesford's (hereinafter "Plaintiff") Complaint, dated February 21, 2016, alleges a violation of his "8th Amendment Constitutional Right of the United States Constitution which constitutes cruel and unusual punishment" pursuant to 42 U.S.C. Section 1983 (ECF[1] No. 1.)[2] The amended caption named sixteen defendants, however, twleve of those defendants were dismissed pursuant to a partial motion for summary judgment. (ECF No. 29.) There are, therefore, four remaining defendants: Correction Officer Tillinghast, Correction Officer Harvey, Sergeant Belz, and Correction Officer Lamb (hereinafter, collectively, "Defendants").

---

[1] "ECF" stands for Electronic Case Files, which is the Court's filing system. The system assigns a document number to most filings. The Court will use the ECF number to refer to the filed documents in the decision. The Court will send Plaintiff a copy of the docket sheet for his ease of reference.

[2] Plaintiff thereafter amended the caption of the Complaint to add an additional defendant but did not amend any other portion of the Complaint. (ECF No. 4.)

Plaintiff has filed multiple motions, including three motions to compel (ECF Nos. 40, 43 and 52), two motions for a telephone conference (ECF Nos. 56 and 60), and three motions for sanctions. (ECF Nos. 47, 62 and 65.) On August 28, 2019, the Honorable Jonathan A. Feldman issued an Order directing Defendants to respond to these motions. (ECF No. 69.) On September 11, 2019, Defendants responded to all of the pending motions. (ECF No. 72.) Plaintiff thereafter replied in a letter, dated September 18, 2019. (ECF No. 73.)

**Plaintiff's motions to compel (ECF Nos. 40, 43 and 52.)**

Plaintiff's motions to compel, ECF Nos. 40, 43 and 52 are denied as moot because Plaintiff has received the information and documents sought to be compelled with those motions. Plaintiff's first motion to compel, dated May 15, 2019, sought responses to interrogatories served on two Defendants – Correction Officer Tillinghast and Sergeant Belz. (ECF No. 40.) On May 26, 2019, Plaintiff filed a second motion to compel in which he acknowledged that he received responses to the interrogatories he served on Defendant Belz but asserted that he still had not received responses to the interrogatories served on Defendant Tillinghast. (ECF No. 43.) Answers to interrogatories have been filed on behalf of all four Defendants:

1. Defendant Belz's interrogatory responses were electronically filed on May 22, 2019, and mailed to Plaintiff on that same date. (ECF No. 39.) Defendant Belz then provided a supplemental response, which was electronically filed on July 17, 2019, and mailed to Plaintiff on

that date. (ECF No. 57.);

2. Defendant Lamb's interrogatory responses were electronically filed on June 18, 2019, and mailed to Plaintiff on that date. (ECF No. 48.);

3. Defendant Harvey's interrogatory responses were electronically filed on June 18, 2019, and mailed to Plaintiff on that date. (ECF No. 49.); and

4. Defendant Tillinghast's interrogatory responses were electronically filed on June 28, 2019, and mailed to Plaintiff on that date. (ECF No. 53.)

Based upon the foregoing, Plaintiff's motions to compel (ECF Nos. 40 and 43) are denied as moot.

With respect to Plaintiff's motion, dated June 23, 2019, both the Honorable Judge Feldman and Defense counsel refer to it as a "motion to compel." (ECF Nos. 69 and 72.) However, ECF No. 52, filed as a "motion for copies of all legal documents," is correspondence from Plaintiff to the Clerk of the Court of the Western District seeking to "FOIL" a copy of the Honorable Judge Siragusa's Decision and Order in which twelve of the sixteen defendants were dismissed. (ECF No. 52.) The docket in this matter indicates that a copy of that Decision and Order was mailed to Plaintiff at "Southport" on October 5, 2018 (ECF No. 29), and Plaintiff confirmed receipt of the Decision and Order in his correspondence to the Court, dated October 30, 2018. (ECF No. 33.) For this reason, Plaintiff's "motion," dated June 23, 2019, and docketed as ECF No.

52, is moot.

### **Plaintiff's motions for teleconferences (ECF Nos. 56 and 60.)**

Plaintiff made two motions requesting a teleconference, dated July 15, 2019 and July 21, 2019. (ECF Nos. 56 and 60.) In his first request for a teleconference Plaintiff sought to address (1) Defendants' alleged failure to provide documents in response to the interrogatories served upon Defendant Belz and (2) to inform Plaintiff about Defendant Belz's post on November 11, 2014. (ECF No. 56.) It appears that the second part of the request involving Defendant Belz's post on November 11, 2014 is moot given that it was requested to address an issue with Defendant Belz's interrogatory responses that was corrected with Defendant Belz's supplemental response. (ECF No. 57.) However, Plaintiff's first request relating to Defendants' alleged failure to provide documents does not appear to have yet been addressed. The Court understands Plaintiff's request for documents to include those contained in interrogatories 3 and 8 directed to Defendant Belz. (ECF No. 39.) These interrogatories are the subject of two of Plaintiff's pending motions for sanctions (ECF Nos. 62 & 65), which are addressed below and, therefore, will not be discussed here. Accordingly, Plaintiff's motion for a teleconference (ECF No. 56) is denied.

In his second motion for a teleconference (ECF No. 60) Plaintiff indicated that he had four issues he would like to discuss: "1) What was

Sergent [sic] Belz [sic] assigned post on the morning of November 11, 2014?!?; 2) The use of force manual on how D.O.C.C.s employees are suppose [sic] to properly use force on prisoners?; 3) All any [sic] grievances filed by prisoners on Correction Officer Tillyhast [sic] using excessive use of force or sexual assault?; 4) Any and all complaints by prisoners filed on Correction Officer Tillyhast [sic] for falsifying documents and fabricating misbehavior reports?" (ECF No. 60.)

Again, Plaintiff's first two concerns are moot. (See Defendant Belz's supplemental Responses and Objections to Plaintiff's Request for Interrogatories, dated June 16, 2019, ECF No. 57 & Correspondence from Defendants' counsel, dated July 19, 2019, indicating that the response to Defendant Belz's interrogatories included a redacted copy of the Use of Force directive, ECF No. 59.) Moreover, in correspondence to the Court, which courtesy copied Plaintiff, defense counsel indicated that he "had CO Tillinghast's file searched for any grievances or complaints pertaining to excessive use of force or sexual assault (whether sustained or not) and per the facility no such documents were found." (ECF No. 61.) Finally, while Defendants indicated in their opposition papers that the facility also searched Defendant Tillinghast's file for grievances or complaints related to truthfulness or veracity and no documents were located (Defs.' Mem. of Law, dated Sept. 11, 2019, at 3-4, ECF No. 72), Defendants have not provided a sworn statement to that effect. This issue is addressed herein in connection

5

with two of Plaintiff's motions for sanctions. (ECF Nos. 62 & 65.) For these reasons, Plaintiff's request for a teleconference (ECF. No. 60) is denied.

### Plaintiff's motions for sanctions (ECF Nos. 47, 62 and 65.)

It is well-settled that "[a] district court has broad authority to impose sanctions for violations of discovery obligations." *R.F.M.A.S., Inc. v. So*, 271 F.R.D. 13, 22 (S.D.N.Y. 2010), *opinion adopted*, 271 F.R.D. 55 (S.D.N.Y. 2010) (citations omitted). Indeed, "[s]everal provisions of the Federal Rules of Civil Procedure authorize a court to impose sanctions for untimely, incomplete, or misleading responses during discovery," including Rules 26 and 37. *New World Sols., Inc. v. NameMedia Inc.*, 150 F. Supp. 3d 287, 304 (S.D.N.Y. 2015). A court may also impose sanctions for misconduct in discovery under its inherent power to manage its own affairs." *Residential Funding Corp. v. DeGeorge Fin. Corp.*, 306 F.3d 99, 106–07 (2d Cir. 2002). Moreover,

> When seeking sanctions for failure to produce discovery, the moving party must demonstrate: (1) that the party having control over the evidence had an obligation to timely produce it; (2) that the party that failed to timely produce the evidence had 'a culpable state of mind'; and (3) that the missing evidence is 'relevant' to the party's claim or defense such that a reasonable trier of fact could find it would support that claim or defense.

*Markey v. Lapolla Indus., Inc.*, No. CV 12-4622-JS-AKT, 2015 WL 5027522, at *16 (E.D.N.Y. Aug. 25, 2015), *report and recommendation adopted*, No. 12-CV-4622-JS-AKT, 2016 WL 324968 (E.D.N.Y. Jan. 26, 2016) (citations omitted).

Plaintiff has three pending motions for sanctions. His first motion, dated June 9, 2019 (ECF No. 47), seeks sanctions for failing to respond to the

interrogatories served on each of the four Defendants and for Defendants' failure to respond to Plaintiff's motion to compel discovery.[3] (*Id.*) As addressed above, Defendants served responses to their respective interrogatories (see ECF Nos. 39, 48, 49, 53 & 57.) Moreover, pursuant to the Court's Order of May 23, 2019, Defendants' response to the motion to compel was due on June 6, 2010. (ECF No. 41.) Defendants electronically filed their response on that date and mailed a copy to Plaintiff. (ECF No. 45.) For these reasons, Plaintiff's first motion for sanctions (ECF No. 47) is denied.

The substance of Plaintiff's second and third motions for sanctions (ECF Nos. 62 and 65), both dated July 25, 2019, is almost identical except that page fourteen on ECF No. 62 was cut off, whereas it is fully included in ECF No. 65.[4] Given that Plaintiff's second and third motions for sanctions are substantively identical, with the noted exceptions, the Court will address Plaintiff's last motion for sanctions (ECF No. 65) and applies its same reasoning and findings to Plaintiff's second motion for sanctions. (ECF No. 62.)

With his third motion, Plaintiff seeks sanctions on two separate grounds: (1) "Defendants Belz, Tillinghast, and Harvey deliberately made false

---

[3] It is unclear which motion to compel Plaintiff seeks sanctions for as Plaintiff does not specify this in his June 9, 2019, motion and he filed two motions to compel prior to his first motion for sanctions.

[4] In addition, while both motions for sanctions indicate that Plaintiff attached interrogatories served on several of the Defendants, ECF No. 65 attached what Plaintiff has titled "Admissials Rule 36." (ECF No. 65 at 9–14.) ECF No. 62 attaches interrogatory responses from Defendants Tillinghast, Belz and Harvey. (ECF No. 62 at 9–31.)

7

statements misrepresenting their previous civil litigation history in an effort to prevent this court and the jury from knowing of their bad acts and all conduct [and (2)] Defendants Tillinghast, Belz and Harvey deliberately failed to comply with [*sic*] court order to disclose documents and things during discovery." (ECF No. 65 at 2.[5]) The thrust of Plaintiff's claim regarding Defendants' alleged misrepresentations is that Defendants Tillinghast, Belz and Harvey lied in their response to an interrogatory requesting "[a]ny and all" civil lawsuits filed against them. (ECF No. 65 at 4.)

**<u>Defendant Harvey</u>**

Plaintiff asserts that Defendant Harvey falsely responded to interrogatories 1, 2, 11 and 12. (ECF No. 65 at 4.) Defendants assert that Defendant Harvey's statements in his interrogatories were truthful. (Defs.' Mem. of Law at 3–4, ECF No. 72.) Defendants highlight that Plaintiff's interrogatory number 1 inquired as to whether Defendant Harvey had "any pending lawsuits filed against him by prisoners for excessive use of force or sexual assault." (*Id.*) However, in Plaintiff's motion to compel he seeks to

---

[5] For ease of reference, the page numbers referenced with respect to ECF No. 65 are to the numbers assigned to the document once it was electronically filed. In addition, in Plaintiff's third motion for sanctions, he appears to be seeking sanctions for Defendants' failure to produce certain documents including: (1) the "Employee manual specifying rules on staff assault and sexual assault on inmates." (ECF No. 65 at 3.) It is not clear what Plaintiff is requesting, but the Court believes that this document has already been provided to Plaintiff by Defendants and is titled the "Use of Force" directive. (ECF Nos. 59 & 61.) Accordingly, Plaintiff's request for sanctions in this regard is denied as moot.

8

impermissibly broaden the scope of that request claiming that he asked whether "any other lawsuit had been filed against [Defendant Harvey]" and he attempts to demonstrate that Defendant Harvey lied in his response by relying on a case that terminated in 2014.[6] (ECF No. 65 at 5.) Plaintiff's assertions have no merit and thus do not meet the high burden for imposing sanctions. Accordingly, Plaintiff's motion for sanctions with respect to interrogatory 1 is denied.

In addition, Plaintiff asserts that Defendant Harvey provided untruthful responses to interrogatories 2 and 11, which sought grievances and complaints filed against Defendant Harvey related to use of excessive force or sexual assault and complaints filed against Defendant Harvey, generally. (ECF No. 65 at 4 & ECF No. 49.) Defendants represent that a search has been conducted for these records and none were found (Def. Mem. of Law at 4, ECF No. 72.) However, Defendants have not served a supplemental interrogatory response or sworn statement of which the Court is aware that provided such information to Plaintiff. For this reason, Defendants have until March 3, 2020, to provide a response to interrogatories 2 and 11 (and documents, if any are found) in the form of a sworn statement after which time the Court will consider Plaintiff's motion for sanctions.

Finally, Plaintiff alleges Defendant Harvey provided a false response to

---

[6] Plaintiff cites to *Hill v. Napoli*, No. 09-CV-6546-CJS, 2012 WL 6026274 (W.D.N.Y. Dec. 4, 2012), which was terminated on February 4, 2019, prior to the time Defendant Harvey responded to the interrogatories served upon him by Plaintiff.

9

interrogatory 12, in which Defendant Harvey indicated that he had never been disciplined by D.O.C.C.S. (ECF No. 65 at 4 & ECF No. 49 at 4.) Plaintiff fails to provide any support for his assertion that Defendant Harvey's response is false, falling far short of his burden for entitlement to sanctions. Plaintiff's motion for sanctions with respect to interrogatory 12 is, therefore, denied.

**Defendant Tillinghast**

Plaintiff asserts that Defendant Tillinghast provided false responses to interrogatories 3, 5, 13, 14 and 25. (ECF No. 65 at 5.) With respect to interrogatory number 3, Plaintiff requested pending lawsuits against Defendant Tillinghast, but later improperly attempted to extend that request to "any and all civil lawsuits filed against . . . Tillinghast" in his motion for sanctions (ECF No. 53 at 2 & ECF No. 65 at 4.) In addition, in an attempt to prove the alleged falsity of Defendant Tillinghast's response that "[t]o the best of [his] knowledge there is one such case which was recently served on [him]" (ECF No. 53 at 2), Plaintiff refers to one case, which was closed prior to the time Defendant Tillinghast responded to Plaintiff's interrogatories.[7] Based upon the foregoing, Plaintiff's motion for sanctions with respect to interrogatory 3 is denied.

Plaintiff's interrogatory 5 directed to Defendant Tillinghast requested information as to whether there are "any grievances or complaints from

---

[7] Plaintiff cites to *King v. Wenderlich, et al.*, No. 14-CV-6491-FPG, 2018 WL 3756751 (W.D.N.Y. Aug. 8, 2018), which was terminated on February 4, 2019.

prisoners about Correction Officer Tillyhast [*sic*] using excessive force or sexual assault. If so I would like to get a copy of all of the complaints?" (ECF No. 53 at 5.) Similarly, interrogatory 13 asks "[h]as there been any complaints filed by Prisoners on Correction [*sic*] Tillyhast [*sic*] for falsifying documents and fabricating misbehavior reports?" (ECF No. 53 at 4.) In correspondence to the Court dated July 25, 2019, Defendants' counsel informed the Court, and Plaintiff via regular mail, that a search was conducted of Defendant Tillinghast's personnel file and that no documents were found related to any grievances or complaints pertaining to excessive use of force or sexual assault (whether sustained or not). (ECF No. 61.)[8] For this reason, Plaintiff's motion for sanctions with respect to interrogatory 5 is denied. However, in that same letter Defendants' counsel indicated that "[t]he facility is currently reviewing the file for grievances or complaints pertaining to truthfulness or veracity; if any are found, they will be produced." (ECF No. 61.) Accordingly, with respect to interrogatory 13, Defendants have not served a supplemental interrogatory response or sworn statement of which the Court is aware that provided such information to Plaintiff. For this reason, Defendants have until March 3, 2020, to provide a response to interrogatory number 13 (and documents, if any are

---

[8] In his reply papers, Plaintiff asserts that Defendant Tillinghast did not respond truthfully when indicating that he "had no previous or pending complaints or grievances for physical or sexual assault" because he was a defendant in a previous lawsuit and, according to Plaintiff, the plaintiff in the previous lawsuit would had to have filed a grievance against Defendant Tillinghast prior to commencing a lawsuit. (ECF No. 73 2–4.) However, Plaintiff does not provide any proof to support this claim aside from his own assertion that Defendants' statement that there are no complaints "is impossible and untruthful." (ECF No. 73 at 4.)

found) in the form of a sworn statement after which time the Court will consider Plaintiff's motion for sanctions.

Plaintiff also seeks sanctions in connection with Defendant Tillinghast's responses to interrogatories 14 and 25. (ECF No. 62 at 5.) In interrogatory 14 Plaintiff asked whether "O.S.I.[9] previously investigated C.O. Tillyhast [*sic*] for excessive use of force or sexual assault?" to which Defendant Tillinghast replied, in part, that he has "never had a claim against [him] substantiated by OSI." (ECF No. 53 at 5.) Interrogatory 25 asked "[d]id Defendant C.O. Tillyhast [*sic*] ever receive administrative sanctions from his D.O.C.C.S. supervisors for excessive use of force or sexual assault or sexual misconduct?" to which Defendant Tillinghast replied "No." (ECF No. 53 at 7.) Plaintiff has not provided any support for his claims that Defendant Tillinghast's responses to interrogatories 14 and 25 are misleading or false, thereby failing to meet the burden necessary for imposing sanctions. For this reason, Plaintiff's motion for sanctions related to interrogatories 14 and 25 is denied.

**Defendant Belz**

Plaintiff seeks sanctions against Defendant Belz for allegedly providing false statements to interrogatories 2 and 3. (ECF No. 64 at 5–6.) Interrogatory 2 asked whether Defendant Belz "has any pending lawsuits filed against him by prisoners for excessive use of force or sexual assault?" (ECF No. 57 at 2.) Defendant Belz responded "[n]ot that I'm aware of." (*Id.*) Plaintiff asserts that

---

[9] "O.S.I." stands for the Office of Special Investigations.

Defendant Belz's response was a "blatant lie" and cites to two cases which he believes supports this claim. (ECF No. 65 at 6.) Defendants are correct, however, that Plaintiff's request seeks only "pending cases" and both cases cited by Plaintiff were closed at the time Defendant Belz responded to the interrogatories.[10] Accordingly, Plaintiff's motion for sanctions with respect to interrogatory 2 is denied.

Interrogatory 3 directed to Defendant Belz asked whether "there are any grievances or complaints from prisoners about Correction Sergent (sic) Belz using excessive force or sexual assault? If so I would like to get a copy of all of these complaints?" (ECF No. 57 at 2.) Defendant Belz asserted objections but indicated that his counsel would "request a review of Sgt. Belz's file and any grievances found therein relating to excessive use of force or sexual assault will be produced." (*Id.*) Defendant Belz's response to Plaintiff's motion for sanctions is that he provided a truthful answer to the interrogatory "that any grievances or complaints in his file would be produced." (ECF No. 72 at 5.) Defendant Belz has not served a supplemental interrogatory response or sworn statement of which the Court is aware that provided such information to Plaintiff. For this reason, Defendants have until March 3, 2020, to provide a response to interrogatory number 3 (and documents, if any are found) in the form of a

---

[10] Plaintiff cites to *King v. Wenderlich, et al.*, No. 14-CV-6491-FPG, 2018 WL 3756751 (W.D.N.Y. Aug. 8, 2018), which was terminated on February 4, 2019, and *Hill v. Griffin*, No. 6:11-CV-6101-EAW, 2015 WL 3440189 (W.D.N.Y. May 28, 2015), which was terminated on November 13, 2015.

sworn statement after which time the Court will consider Plaintiff's motion for sanctions.

Finally, in his reply papers, Plaintiff continues to assert that he has not received a response to interrogatory 6 directed to Defendant Belz (Pl.'s Reply, Sept. 20, 2019, at 1–2, ECF No. 73.) However, as discussed above, Defendant Belz already responded to this question. (see also ECF No. 57 at 3.) It also appears that Plaintiff is asserting that Defendant Belz did not respond truthfully when indicating that he "had no previous or pending complaints or grievances for physical or sexual assault" because he was a defendant in a previous lawsuit and, according to Plaintiff, the plaintiff in the previous lawsuit would had to have filed a grievance against Defendant Belz prior to commencing a lawsuit. (ECF No. 73 2–4.) However, Plaintiff does not provide any proof to support this claim aside from his own assertion that Defendants' stating that there are no complaints "is impossible and untruthful." (ECF No. 73 at 4.) Moreover, the Court has directed Defendant Belz to provide any such complaints, if they exist, pursuant to this Decision and Order, so any request for sanctions against Defendant Belz in this respect is premature.

For the reasons set forth above, the Court **DENIES** Plaintiff's motions to compel (ECF Nos. 40 and 43) as moot; **DENIES** Plaintiff's motion for copies of all legal documents (ECF No. 52) as moot; **DENIES** Plaintiff's motions for teleconferences (ECF Nos. 56 and 60) as moot; **DENIES** Plaintiff's motion for sanctions dated June 19, 2019 (ECF No. 47) as moot; and **DENIES** in part

Plaintiff's remaining two motions for sanctions (ECF Nos. 62 and 65) with conditions imposed on Defendants as stated in this Decision and Order, without prejudice.

**IT IS SO ORDERED.**

DATED: January 21, 2020
Rochester, New York

_____
MARK W. PEDERSEN
United States Magistrate Judge