UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

MARCUS TELESFORD,

        Plaintiff,        DECISION AND ORDER
                                 16-CV-6130 CJS/MJP

vs.

SUPERINTENDENT STEPHEN
WENDERLICH, et al.,

        Defendants.

**Pedersen, M.J.** *Pro se* Plaintiff Marcus Telesford's (hereinafter "Plaintiff") Complaint, dated February 21, 2016, alleges a violation of his "8th Amendment Constitutional Right of the United States Constitution which constitutes cruel and unusual punishment" pursuant to 42 U.S.C. § 1983. (ECF No. 1.) The amended caption named fifteen defendants; however, twelve of those defendants were dismissed pursuant to a partial motion for summary judgment. (ECF No. 29.)[1] There are, therefore, three remaining defendants: Correction Officer Tillinghast,[2] Correction Officer Harvey, and Correction Officer Lamb (hereinafter, collectively, "Defendants").

---

[1] Plaintiff thereafter amended the caption of the Complaint to add an additional defendant, but did not amend any other portion of the Complaint. (ECF No. 4.)

[2] The Complaint misspells the Defendant's name as "Tillyhanst." It is correctly spelled "Tillinghast" and this spelling is utilized herein.

Presently before the Court are two motions for sanctions filed by Plaintiff, both dated July 25, 2019. (ECF Nos. 62 & 65.)[3] Plaintiff seeks sanctions based on two grounds. First, he asserts that "Defendants Belz, Tillinghast, and Harvey deliberately made false statements misrepresenting their previous civil litigation history in an effort to prevent this court had the jury from knowing of their bad acts and all conduct." (ECF No. 65 at 2.[4]).

Second, Plaintiff asserts that "Defendants Tillinghast, Belz, and Harvey deliberately failed to comply with [sic] cort [sic] order to disclose documents and things during discovery." (*Id.*) In its Decision and Order, dated January 21, 2020, this Court addressed numerous pending motions filed by Plaintiff, which included the present motions for sanctions. (ECF Nos. 62 & 65.) The Court denied the motions for sanctions in part for the reasons stated in the Decision and Order, and directed Defendants to provide additional discovery before it could determine the remaining portions of the motions for sanctions. (ECF No. 79 at 6–15.) Defendants have since provided additional responses and documentation in connection with Plaintiff's interrogatories such that sanctions are not warranted against Defendants Belz or Kelly. However, as

---

[3] As explained in the Decision and Order, the substance of these motions for sanctions, both dated July 25, 2019, is almost identical except that page fourteen on ECF No. 62 was cut off, whereas it is fully produced in ECF No. 65. Accordingly, in its Decision and Order the Court indicated that it would address the last motion for sanctions filed by Plaintiff (ECF No. 65) and apply its same reasoning and findings to Plaintiff's second motion for sanctions (ECF No. 62). That same logic is again applied here.

[4] For ease of reference, the page numbers referenced with respect to ECF No. 65 are to the numbers assigned to the document once it was electronically filed.

discussed below, Defendant Tillinghast acted in bad faith when responding to Plaintiff's discovery demands warranting the imposition of sanctions.

## BACKGROUND

In its January 21, 2020, Decision and Order, which addressed Plaintiff's motions for sanctions, Defendants were directed to produce the following:

1. A sworn statement, and any related documents, in response to Interrogatories 2 and 11 directed to Defendant Harvey, which sought grievances and complaints filed against Defendant Harvey related to use of excessive force or sexual assault and complaints filed against Defendant Harvey, generally. (ECF No. 79 at 9.)

2. A sworn statement, and any related documents, in response to Interrogatory 13 directed to Defendant Tillinghast, which sought "complaints filed by Prisoners on Correction [*sic*] Tillyhast [*sic*] for falsifying documents and fabricating misbehavior reports?"[5] (ECF No. 79 at 10–11.)[6]

3. A sworn statement, and any related documents, in response to Interrogatory 3 directed to Defendant Belz, which sought "grievances or complaints from prisoners about Correction Sergent [*sic*] Belz using excessive force or sexual assault?" (ECF No. 79 at 13.)[7]

---

[5] However, in his initial interrogatories directed to Defendant Tillinghast, Plaintiff requested "any grievances or complaints from prisoners about Correction Officer Tillyhast [*sic*] using excessive force or sexual assault . . . ." (ECF No. 53 at 2), as discussed further below.

[6] In correspondence to the Court dated July 25, 2019, Defendants' counsel informed the Court, and Plaintiff via regular mail, that "[t]he facility is currently reviewing the file for grievances or complaints pertaining to truthfulness or veracity [of CO Tillinghast]; if any are found, they will be produced." (ECF No. 61.)

[7] In response to Interrogatory 3, Defendant Belz indicated that "any grievances or complaints in his file would be produced." (ECF No. 72 at 5.)

3

The Court directed Plaintiff to provide an update as to whether he received the outstanding discovery it ordered Defendants to produce in its Decision and Order. (ECF No. 80.) On March 3, 2020, Defendants' counsel filed a Declaration in which he indicated that a search had been conducted for the outstanding discovery and that no responsive documents were found. (ECF No. 81.) In correspondence dated that same day, Plaintiff indicated that he had not received the outstanding discovery ordered by the Court. (ECF No. 82.)

In correspondence dated April 26, 2020, Plaintiff attached a document with a section titled "Pro Se Victories," the content of which Plaintiff had underlined. (ECF No. 88 at 3.) The underlined content referred to the case of *Markus King v. Correction Officers Tillinghast, Kelly and Belz*, Index No. 6491G (W.D.N.Y. Jan. 31, 2019), in which a jury trial found Defendant Tillinghast used excessive force against Mr. King and Defendant Belz failed to intervene in contravention of Mr. King's 8th Amendment rights. (*Id.*) Based upon the *King* case, Plaintiff asserted that Defendants had not been truthful when they indicated that there were "no complaints ever filed against the defendants for sexual harassment and excessive use of force on any prisoners in the past" in response to unspecified interrogatories served by Plaintiff. (*Id.* at 1–2, emphasis in original.) Plaintiff explained that for Mr. King to proceed with his lawsuit, he was required to file a grievance under the Prisoner Litigation Reform Act and, therefore, Defendants' representation that there

4

were no complaints filed against Defendants Tillinghast and Belz for sexual harassment and excessive force was "blatantly untrue." (*Id.* at 2.) Plaintiff then renewed his request for sanctions, seeking $3,500.00. (*Id.* at 2–3.)

In response to Plaintiff's April 6, 2020, correspondence, the Court held a scheduling/status conference, during which the Court directed Defendants to produce the following by May 21, 2020:

1. An affidavit, signed under penalty of perjury from record keepers or DOCCS headquarters, whichever is applicable, explaining how documents related to inmate grievances/complaints are maintained and what searches have been conducted to respond to Plaintiff's discovery demands;

2. An affidavit, signed under penalty of perjury from the Inspector General explaining how documents related to inmate grievances/complaints are maintained and what searches have been conducted to respond to Plaintiff's discovery demands; and

3. Any and all grievances/complaints filed by Markus King, plaintiff in the case of *Markus King v. Correction Officers Tillinghast, Kelly and Belz*, Index No. 6491G, No. 6:14-cv-06491-FPG-MWP (W.D.N.Y. Jan. 31, 2019), that are responsive to Plaintiff's discovery demands, should they exist.

(ECF No. 89.)

## ANALYSIS

It is well established that "[a] party found to have violated its [Federal Rule of Civil Procedure] Rule 26 obligations is subject to sanctions under Rule 37 . . . ." *Lujan v. Cabana Mgmt., Inc.*, 284 F.R.D. 50, 68 (E.D.N.Y. 2012). Rule 37(b)(2) of the Federal Rules of Civil Procedure provides, in relevant part, that if a party fails to obey a discovery order, the court "may issue further just orders." Fed. R. Civ. P. 37(b)(2)(A). However, even in the absence of a discovery

5

order, a court may impose sanctions on a party for misconduct in discovery under its inherent power to manage its own affairs. *Reilly v. Natwest Mkts. Grp. Inc.*, 181 F.3d 253, 267 (2d Cir. 1999), *cert. denied*, 528 U.S. 1119 (Jan. 18, 2000) ("Whether exercising its inherent power, or acting pursuant to Rule 37, a district court has wide discretion in sanctioning a party for discovery abuses."); *DLC Management Corp. v. Town of Hyde Park,* 163 F.3d 124, 135–36 (2d Cir. 1998), (citing *Roadway Express, Inv. v. Piper,* 447 U.S. 752, 764 (1980)) ("federal courts have 'well-acknowledged inherent power to levy sanctions in response to abusive litigation practices . . .'"). This inherent power is "born of the practical necessity that courts be able 'to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Revson v. Cinque & Cinque, P.C.*, 221 F.3d 71, 78 (2d Cir. 2000) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991)).

"Sanctions under the court's inherent power are appropriate when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" *Walker v. Smith*, 277 F. Supp. 2d 297, 301 (S.D.N.Y. 2003) (quoting *Chambers*, 501 U.S. at 45–46, 111 S. Ct. 2123). "Bad faith" can mean that the party's actions were motivated by harassment, delay, or other improper purposes. *Kortright Capital Partners LP v. Investcorp Inv. Advisers Ltd.*, 327 F. Supp. 3d 673, 688 (S.D.N.Y. 2018), *appeal withdrawn*, No. 19-2836, 2019 WL 6652238 (2d Cir. Sept. 23, 2019). Indeed, "an appropriate sanction is one that will: (1) deter parties from violating discovery obligations; (2) place the risk of an

6

erroneous judgment on the party that wrongfully created the risk; and (3) restore the prejudiced party to the same position that it would have been in absent the discovery violation by an opposing party." *West v. Goodyear Tire & Rubber Co.,* 167 F.3d 776, 779 (2d Cir. 1999).

The Court finds that sanctions are not warranted with respect to the three issues the Court ordered Defendants to address at the April 6, 2020, status conference. Defendants sufficiently addressed each of these issues in their counsel's Declaration dated May 21, 2020. (ECF No. 81.) Defense counsel attached the Declaration of Rachael Seguin, Assistant Director of the Inmate Grievance Program for the New York State Department of Corrections and Community Supervision ("DOCCS"), who indicated that grievances are stored based upon the name of the grievant and "and practicably cannot" be filed based upon the name of the DOCCS staff against whom the grievance was filed. (ECF No. 91 at 5–6.) For this reason, Ms. Seguin stated that her office could not conduct searches for grievances filed against Defendants because there is no mechanism to do this. Ms. Seguin also indicated that her office conducted a search for grievance appeals filed by Markus King and found a grievance, which she attached as Exhibit A to her Declaration and which defense counsel represented was being produced to Plaintiff. (*Id.* at 3, 6.)

7

Defense counsel also attached the Declaration of Shawn Mousseau, Assistant Deputy Chief of the Office of Special Investigations ("OSI"), dated May 18, 2020. (*Id.* at 12.) Mr. Mousseau indicated that when a complaint is made to OSI it is called a "complaint" to distinguish from a "grievance" that is filed at a facility. (*Id.*) He further explained that OSI tracks complaints by the name of the staff involved, that OSI conducted searches for the Defendants involved in this case, and that the results were provided to defense counsel. (*Id.* at 13.) In his Declaration, defense counsel clarified that no OSI complaints were found with respect to Defendants Harvey or Belz. (*Id.* at 2.) With respect to Defendant Tillinghast, OSI forwarded complaints to defense counsel, who indicated that he would provide redacted versions[8] to Plaintiff for a controlled review. Based on the forgoing, sanctions are not warranted against Defendants in connection with the Court's order of April 6, 2020.

However, the Court also finds that, based upon the existence of the grievance filed by Mr. King against Tillinghast alleging excessive force and sexual assault, sanctions are warranted against Defendant Tillinghast.[9] The Court previously denied Plaintiff's motion for sanctions in connection with an interrogatory directed to Defendant Tillinghast seeking "any grievances or

---

[8] Mr. Mousseau instructed defense counsel to redact the OSI complaints with respect to "any information which may endanger facility security or the safety and security of an individual(s)." (ECF No. 91 at 13.)

[9] Through Mr. Mousseau's Declaration, the Court is also aware that OSI found other "complaints" filed against Defendant Tillinghast. However, the Court has not seen these complaints and is not aware of the nature of the complaints – i.e., whether they involved allegations of use of excessive force and/or sexual assault.

complaints from prisoners about Correction Officer Tillyhast [*sic*] using excessive force or sexual assault . . . ." (ECF No. 53 at 2 & ECF No. 79 at 10–11.) The Court's decision was based upon Defendants' counsel's representation that the correctional facility conducted a search of Defendant Tillinghast's personnel files and that no documents were found relating to any grievances or complaints pertaining to excessive use of force or sexual assault (whether sustained or not). (ECF No. 61.) In addition, at the time of the Court's decision, it was not aware that inmate grievances are filed based upon the name and Department Identification Number of the grievant and not the person against whom the grievance was made. (ECF No. 91 at 5–6.) As such, the Court believed that Defendants had made adequate inquiry into Plaintiff's requests for any grievances or complaints alleging use of excessive force and/or sexual assault against Defendant Tillinghast.

However, given the revelation of Mr. King's grievance, while Defendant Tillinghast's personnel files may not have contained any grievances or complaints from inmates relating to sexual assault or use of excessive force, Defendant Tillinghast was certainly aware that a grievance was filed against him by Mr. King. It is inconceivable to think otherwise given the fact that the case went to trial and a jury found, by a preponderance of the evidence, that Defendant Tillinghast subjected Mr. King to excessive force in violation of Mr. King's Eight Amendment Constitutional rights. *Markus King v. Correction Officers Tillinghast, Kelly and Belz*, Index No. 6491G, No. 16:14-cv-6491-FPG-

MJP (W.D.N.Y. Jan. 31, 2019), ECF No. 90 at 1.) The existence of the *King* grievance is very relevant to the present case where Plaintiff has asserted that Defendant Tillinghast violated Plaintiff's Eight Amendment rights when he assaulted him. (ECF No. 1 at 15.)

Defendant Tillinghast had a duty to impart the existence of the *King* grievance and the lawsuit resulting therefrom to his attorney so that his attorney could faithfully state that no relevant grievances were ever filed. Defendant Tillinghast's failure to do this and his decision to instead seek to conceal his past history of using excessive force was an act of bad faith. Despite limited resources and his *pro se* status, Plaintiff's persistence demonstrated that representations made on behalf of Defendant Tillinghast as to the existence of grievances filed against him relating to excessive use of force and sexual assault were not truthful. As a result, the Court finds it appropriate to sanction Defendant Tillinghast in the amount of $250.00. It this Court's hope that this sanction will deter Defendant Tillinghast, the other defendants named in this lawsuit, and defendants in other cases from violating their discovery duties. It is further hoped that this sanction will place the risk of an erroneous judgment on Defendant Tillinghast rather than Plaintiff and that it will restore Plaintiff to the position he should have been in had Defendant Tillinghast complied with his discovery obligations at the outset.

## **CONCLUSION**

For the reasons set forth above, the Court **GRANTS** Plaintiff's motions for sanctions (ECF Nos. 62 & 65) as against Defendant Tillinghast and **DENIES** Plaintiff's motions for sanctions in all other respects. The Court orders that Defendant Tillinghast pay a sanction of $250 to the Clerk of Court by July 6, 2020.

IT IS SO ORDERED.

DATED:   June 3, 2020
         Rochester, New York

_____
MARK W. PEDERSEN
United States Magistrate Judge